# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

**SHERRILYN WILKERSON,**

       **Plaintiff**

v.                                                        CA. NO. 20-10136

**NRA GROUP LLC d/b/a
NATIONAL RECOVERY AGENCY,**

       **Defendant**

## COMPLAINT

### INTRODUCTION

This is an action for actual, statutory and punitive damages, costs and attorney's fees brought by the plaintiff, Sherrilyn Wilkerson for violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692, et seq., Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §1681 et seq., M.G.L. c. 93A and the Attorney General's debt collection regulations, 940 CMR 7.00.

### JURISDICTION

1.     The jurisdiction of this Court is conferred by 15 U.S.C. §1681p, 15 U.S.C. §1692k(d) and 28 U.S.C. §1331 and supplemental jurisdiction pursuant to 28 U.S.C. §1367. Venue is proper as all relevant events occurred in this District.

### PARTIES

2.     Plaintiff, Sherrilyn Wilkerson, is a natural person and resident of the State of Massachusetts.

3.     Upon information and belief, NRA Group LLC d/b/a National Recovery Agency ("NRA") is a debt collection company with a primary address of 2491 Paxton Street, Harrisburg, PA 17111.

4. At all times relevant to this action, NRA was a furnisher of consumer information to one or more consumer reporting agencies, and furnished information relating to Plaintiff and a National Grid account she allegedly owed.

## FACTS

5. In April 2019 Ms. Wilkerson reviewed her Trans Union credit report and discovered that NRA was reporting a debt in the amount of $28,428 which she did not recognize.

6. Ms. Wilkerson wrote to NRA disputing the debt.

7. On May 9, 2019 NRA wrote to Ms. Wilkerson, seeking to collect $28,428.38 for a National Grid account and enclosing a payment history going back to April 2006 showing that the account had been delinquent since at least then and showing no payments during that time.

8. The letter did not include the disclosure mandated by 940 CMR 7.07(24) for time-barred debts.

9. Ms. Wilkerson disputes this alleged debt.

10. The FCRA prohibits the reporting of adverse information regarding accounts which is more than seven and a half years old. 15 U.S.C. §1681c(a).

11. Furnishers like NRA are required to provide the credit bureaus with the date of first delinquency on an account so that this obsolescence period can be calculated.

12. Ms. Wilkerson disputed the tradeline to TransUnion explaining that it was too old to be reporting and on July 10, 2019 TransUnion responded stating that NRA had verified the information with a date of first delinquency in 2014.

13. This information was inaccurate since the account had been delinquent since at least April 2006.

14. During this time, Ms. Wilkerson was in the process of trying to qualify for a mortgage and the inaccurate NRA tradeline caused her a delay.

15. On November 7, 2019 Ms. Wilkerson made a demand upon NRA pursuant to M.G.L. c. 93A, §9.

16. NRA received the demand on November 12, 2019 but never responded to Ms. Wilkerson's demand letter.

17. Ms. Wilkerson has suffered damages as a result of NRA's conduct including but not limited to, severe damage to her creditworthiness, frustration, stress, a delay in being able to obtain credit and costs and attorney's fees expended in enforcing her claims.

### COUNT ONE: VIOLATION OF FAIR CREDIT REPORTING ACT
### 15 U.S.C. §1681s-2(b)

18. The Plaintiff realleges and incorporates the preceding paragraphs as if fully set out herein.

19. As set forth above, NRA furnished inaccurate date of first delinquency information relating to Plaintiff to one or more consumer reporting agencies.

20. As set forth above, Plaintiff communicated to TransUnion a dispute over the accuracy of its reports relating to the NRA tradeline and provided it with supporting documentation.

21. Trans Union notified NRA of Plaintiff's dispute regarding the tradeline and requested NRA to investigate and verify or correct the information.

22. NRA knew or should have known that the disputed information was inaccurate.

23. NRA failed to conduct a reasonable investigation and responded to Trans Union's requests for verification of the tradeline by wrongly verifying inaccurate information regarding the date of first delinquency.

24. As a result, information remained on Ms. Wilkerson's credit report which was considered obsolete under the FCRA and should not have been appearing.

25. NRA willfully or, in the alternative, negligently failed to comply with the requirements of the FCRA, and, in doing so, violated Plaintiff's rights.

26. NRA violated the FCRA, 15 U.S.C. §1681s-2(b)(1)(A) and/or (B) by failing to fully and properly investigate the Plaintiff's disputes of its credit reporting after receipt of notice of such disputes from one or more credit reporting agencies and/or failing to review all relevant information provided.

27. NRA violated the FCRA, 15 U.S.C. §1681s-2(b)(1)(C) by failing to accurately and completely report the results of a lawful investigation to one or more credit reporting agencies after notice of a dispute.

28. NRA violated the FCRA, 15 U.S.C. §1681s-2(b)(1)(D) by failing to report results of its investigation finding the information it had been reporting regarding Plaintiff to be incomplete or inaccurate to all other consumer reporting agencies to which it reports.

29. NRA violated the FCRA, 15 U.S.C. §1681s-2(b)(1)(E) by failing to modify, delete and/or permanently block the reporting of inaccurate information regarding the Plaintiff to one or more credit reporting agencies.

30. NRA's violation of Plaintiff's rights under the FCRA caused Plaintiff actual damages including, without limitation, having negative and inaccurate information reported to the credit bureaus and verified even after she went through a dispute process and provided credible proof.  She has suffered frustration and emotional distress, severe damage to her creditworthiness and credit score, has had to delay applying for new credit, has incurred attorneys' fees and has been damaged as a result of these practices.

31. Plaintiff has suffered a concrete injury in fact that is directly traceable to NRA's conduct and is likely to be redressed by a favorable decision in this action.

32. NRA's conduct, action and inaction were willful, rendering NRA liable for punitive

damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.  In the alternative, NRA was negligent, entitling the Plaintiff to recover under 15 U.S.C. §1681o.

33. The Plaintiff is entitled to recover actual damages, punitive damages, statutory damages, costs and attorney's fees from NRA in an amount to be determined by the Court pursuant to 15 U.S.C.  §§1681n and o.

## COUNT TWO: VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. §1692(e)

34. Plaintiff restates and realleges the allegations contained in the foregoing paragraphs as if fully set forth herein.

35. NRA is a debt collector pursuant to 15 U.S.C. §1692a.

36. The alleged debt at issue is a consumer debt pursuant to 15 U.S.C. §1692a.

37. As detailed above, NRA has violated 15 U.S.C. §1692e by using false, deceptive, or misleading means to collect a debt.

38. NRA has violated 15 U.S.C. §1692e(8) by communicating credit information regarding the date of first delinquency to one or more bureaus which was known or should have been known to be false.

39. As a result of the above violations of the FDCPA, NRA is liable to Ms. Wilkerson in the sum of her actual damages, statutory damages, costs and attorney's fees.

## COUNT THREE: VIOLATION OF M.G.L. c. 93A

40. Plaintiff restates and realleges the allegations contained in the foregoing paragraphs as if fully set forth herein.

41. As detailed above, NRA has violated M.G.L. c. 93A, §2.

42. NRA violated the FDCPA which is a per se violation of M.G.L. c. 93A.

43. NRA has also violated 940 CMR 7.07(24) which requires that a debt collector who has

reason to know that a debt is time-barred provide mandated disclosures to the debtor. NRA was seeking to collect a debt from Ms. Wilkerson which was beyond the statute of limitations but failed to provide her with any such disclosure.

44. As set forth above, the conduct of NRA occurred in trade or commerce.

45. As set forth above, the conduct of NRA was unfair and/or deceptive.

46. The conduct of NRA was willful or knowing within the meaning of M.G.L. c. 93A, §9.

47. Plaintiff has suffered damages as a result of NRA's conduct including but not limited to being misled about her legal rights, frustration and emotional distress, has incurred attorneys' fees and has been damaged as a result of these practices.

48. NRA's refusal to grant relief upon demand was in bad faith, with knowledge or reason to know that the acts or practices complained of violated c. 93A, §2.

49. As a result of the above violations of state law, NRA is liable to Plaintiff in the sum of her actual damages, doubled or trebled, statutory damages, and attorney's fees and costs.

WHEREFORE, Plaintiff demands judgment for actual, statutory, and punitive damages against NRA; for her attorneys' fees and costs; for pre-judgment and post-judgment interest at the legal rate, and such other relief the Court does deem just, equitable and proper.

**TRIAL BY JURY IS DEMANDED**.

Respectfully submitted,

**Sherrilyn Wilkerson,**
By her attorney:

/s/Elizabeth A. Miller
Elizabeth A. Miller
BBO #559347
99 High Street
Suite 304
Boston, MA 02110
617-478-4914
elizabethamiller@comcast.net

Date:  January 23, 2020